UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| In re:<br><br>JAMES JOSEPH COX,<br>SHIRLEY ANN COX,<br><br>　　　Debtor(s) | Bankruptcy Case No. 04-20720 |
| JAMES JOSEPH COX,<br>SHIRLEY ANN COX,<br><br>　　　Plaintiffs<br><br>　　　v.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br><br>　　　Defendant. | ADV NO. |

COMPLAINT TO DETERMINE INVALIDITY OF LIEN ON
PLAINTIFFS' HOMESTEAD AND ALLOW GENERAL UNSECURED CLAIM

COMES NOW plaintiffs, by and through their attorney, Bradley H. Medlin, and for their complaint to determine invalidity of lien on plaintiffs' homestead and allow general unsecured claim and alleges and states:

I. PARTIES AND JURISDICTION

1. Plaintiffs are residents of the State of Kansas and at all times referred to herein reside at their homestead located at 602 S. Hickory, Gardner, Kansas 66030.

2. Plaintiffs filed their Chapter 13 bankruptcy petition on March 3, 2004.

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 502; this proceeding is a core matter.

4. Defendant, Countrywide Home Loans, Inc. is a creditor in the bankruptcy proceeding In re: James Joseph Cox and Shirley Ann Cox, Case No. 04-20720-13.

5. Defendant, Countrywide Home Loans, Inc. may be served with legal process by serving its Kansas Resident Agent PRENTICE HALL CORPORATION SYSTEM, KANSAS, INC. 200 SW 30TH ST TOPEKA, KS 66611-0000.

## II. CAUSE OF ACTION

6. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs #1 through #5, above.

7. James Joseph Cox and Shirley Ann Cox are husband and wife.

8. James Joseph Cox, Shirley Ann Cox and Bernard E. Cox, now own the real estate legally describes as to wit:

> THE SOUTH 10 FEET OF LOT 8 AND ALL OF LOT 9, BLOCK 7, GARDNER MANOR, A SUBDIVISION IN THE CITY OF GARDNER, JOHNSON COUNTY, KANSAS

and commonly known as 602 S. Hickory, Gardner, Kansas 66030 ("Property"), with legal title as joint tenants with rights of survivorship and not as tenants in common. A copy of the Warranty Deed evidencing the title and ownership of the homestead, recorded with the Johnson County Register of Deeds, at Volume 3906, page 276, and a corrective re-recorded Warranty Deed, at Volume 3921, page 35 is attached hereto as ("Attachment A").

9. That James Joseph Cox and Shirley Ann Cox, are lawfully husband and wife and have occupied the property as their homestead since being seized in the property in March 1993.

10. That the document of which Countrywide Home Loans, Inc. relies upon in asserting that its claim and proof of claim is secured, is founded upon a document that purports to be a mortgage secured by the property. The document that purports to be a mortgage, of which Country Wide Home Loans, Inc. asserts that it is the current holder thereof, and purports to be

secured by the property, filed with the Johnson County, Kansas Register of Deeds in Book 8827 at page 688 is attached hereto and further incorporated herein by reference thereto as ("Attachment B"). Furthermore, the purported mortgage, if at all, can only be described as an attempt to create a non-purchase money mortgage.

11. That on or about March 26, 2003, James Joseph Cox, did negotiate a promissory note and a document purporting to be a mortgage relating to the property at the Foxhill Financial Group, 10975 El Monte, Suite 180, Overland Park, Kansas 66211 with its agent, Nick Elliott.

12. That on or about March 26, 2003, that no other person or persons whom have rightful claim or claims as owner and titleholder of the property signed or initialed the documents purporting to be the closing documents, the promissory note and alleged mortgage except for James Joseph Cox.

13. That James Joseph Cox did not, and has not, signed and/or initialed any other person or persons signature or initials other than his own, upon the documents purporting to be the closing documents, the promissory note and mortgage.

14. That on or about March 26, 2003, that plaintiffs received borrower copies of the documents purporting to be the closing documents, the promissory note and mortgage from the originator's agent and copies of said documents are attached hereto as ("Attachment C").

15. That none of the copies of documents, provided to the plaintiffs on or about March 26, 2003, purporting to be closing documents, the promissory note or the mortgage contain the names in type-setting of Shirley Ann Cox, Bernard E. Cox, or his wife, Agnes M. Cox.

16. Furthermore, none of the copies of documents, provided to the debtor on or about March 26, 2003, purporting to be closing documents, the promissory note and the mortgage

contain the signatures of Shirley Ann Cox, Bernard E. Cox, or his wife, Agnes M. Cox.

17. That Shirley Ann Cox did not sign the documents purporting to be the closing documents, the promissory note and mortgage.

18. That the document purporting to be a mortgage attached hereto and contained within Attachment B, alleges to contain the notarized signatures of James Joseph Cox, and Shirley Ann Cox.

19. That the document set forth in Attachment B indicates the signatures were signed in the presence of a Missouri Notary Public, Tonya Dutcher, in Clay County, Missouri. That neither James Joseph Cox, nor Shirley Ann Cox traveled to Missouri in connection with the March 26, 2003, transaction.

20. Shirley Ann Cox did not sign the document contained within Attachment B, and the signature set forth therein is spelled incorrectly.

21. That the signature "Shirly A Cox" contained within Attachment B is not Shirley Ann Cox's signature and all as more fully evidenced by her signature set forth infra, along with the several signatures contained within the Chapter 13 Petition, Statement of Financial Affairs, Schedules, Chapter 13 Plan and Objection to Countrywide Home Loans, Inc.'s Claim and Proof of Claim #12 filed with the Clerk of the United States Bankruptcy Court in Case No. 04-20720.

22. That the signature set forth within Attachment B as the signature of Shirley Ann Cox is a forgery, and not of James Joseph Cox, and said signature was forged sometime after the closing conference while the purported closing documents, the promissory note and mortgage were in the possession, custody and control of the originator, or thereafter.

23. That in the case <u>In re: James Joseph Cox and Shirley Ann Cox, Case No. 04-20720-13</u> each debtor claimed the property as exempt as their homestead within Schedule C of their bankruptcy

schedules. Moreover, no timely objection to the exemption claim was filed.

24. That the documents contained within Attachment B and Attachment C do not constitute a purchase-money transaction.

25. That K.S.A. § 58-2303 requires that a mortgage be dated, and duly signed and acknowledged by the grantors.

26. That homestead property shall not be alienated without the joint consent of husband and wife when that relationship exists.

27. That a mortgage executed by James Joseph Cox without the express consent of his wife is void.

28. That the Court should determine that there exists no mortgage on James Joseph Cox and Shirley Ann Cox's homestead real property legally described as

> THE SOUTH 10 FEET OF LOT 8 AND ALL OF LOT 9, BLOCK 7, GARDNER MANOR, A SUBDIVISION IN THE CITY OF GARDNER, JOHNSON COUNTY, KANSAS

and commonly known as 602 S. Hickory, Gardner, Kansas 66030.

29. That Countrywide Home Loans, Inc. or the current holder of the purported mortgage evidenced by Attachment B attached hereto is the holder of a general unsecured claim against James Joseph Cox.

30. That Countrywide Home Loans, Inc. or the current holder of the purported mortgage evidenced by Attachment B should be allowed a general unsecured claim against James Joseph Cox in the underlying bankruptcy case, In re: James Joseph Cox and Shirley Ann Cox, Case No. 04-20720-13.

31. That James Joseph Cox and Shirley Ann Cox are entitled to the Court's orders mandating a release of mortgage to be filed in the Johnson County, Kansas Register of Deeds Office releasing the void mortgage filed at Book 8827 Page 688.

32. That Countrywide Home Loans, Inc. is not a current holder of an unperfected security

5

Case 05-06007   Doc# 1   Filed 01/14/05   Page 5 of 7

interest in the property.

33. That pursuant to 11 U.S.C. 502, Countrywide Home Loans, Inc. is the current holder of a perfected general unsecured claim in the underlying bankruptcy case, <u>In re: James Joseph Cox and Shirley Ann Cox, Case No. 04-20720-13</u>.

WHEREFORE, for their complaint against Countrywide Home Loans, Inc., plaintiffs pray for the Court's orders determining that the mortgage filed at Book 8827 Page 688 in the Johnson County, Kansas Register of Deeds Office is void; for the Court's orders requiring a release of the void mortgage recorded at Book 8827 Page 688 be filed with the Johnson County, Kansas Register of Deeds Office; for the Court's orders that Countrywide Home Loans, Inc. be the holder of a general unsecured claim against the debtor, James Joseph Cox in the underlying bankruptcy case, <u>In re: James Joseph Cox and Shirley Ann Cox, Case No. 04-20720-13</u>; and for any such further and additional relief as the Court deems just and proper.

Respectfully submitted by:

<u>/s/ Bradley H. Medlin</u>
Bradley H. Medlin #18273
Court Square Building
110 5. Cherry, Ste. 304
Olathe, KS 66061
(913) 390-0161
(913) 390-0164 (Fax)
Attorney for Plaintiffs

## VERIFICATION

STATE OF KANSAS      )
                     )  SS:
COUNTY OF JOHNSON    )

James Joseph Cox, of lawful age, being first duly sworn, states that he is a plaintiff in the above entitled action; that he has read the foregoing Complaint and knows the contents thereof; and that the same is true to his own knowledge and belief.

*[signature]*
James Joseph Cox, Plaintiff

Subscribed in my presence and sworn to before me this 11th day of January, 2005.

*[signature]*
Notary Public

My appointment expires: 9-2-2006

KRISTI D. MEDLIN
Notary Public - State of Kansas
My Appt. Expires 9-2-2006

## VERIFICATION

STATE OF KANSAS      )
                     )  SS:
COUNTY OF JOHNSON    )

Shirley Ann Cox, of lawful age, being first duly sworn, states that she is a plaintiff in the above entitled action; that she has read the foregoing Complaint and knows the contents thereof; and that the same is true to her own knowledge and belief.

*[signature]*
Shirley Ann Cox, Plaintiff

Subscribed in my presence and sworn to before me this 11th day of January, 2005.

*[signature]*
Notary Public

My appointment expires: 9-2-2006

KRISTI D. MEDLIN
Notary Public - State of Kansas
My Appt. Expires 9-2-2006